## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI HAGUE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SUNPATH LTD.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Lori Hague (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against Defendant Sunpath Ltd. ("Defendant"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint against Defendant to secure redress because Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA") and invaded Plaintiff's privacy by causing unsolicited phone calls to be made to Plaintiff's and other class members' cellular telephones through the use of an automatic telephone dialing system without prior express written consent.

2. Defendant made one or more unauthorized phone calls to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") and pre-recorded messages in an attempt to profit.

3. The TCPA was enacted to protect consumers from unsolicited and unwanted phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone calls to consumers, and an award of statutory damages to the members of the Classes (defined below) under the TCPA equal to $1,500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

4. Plaintiff at all times relevant hereto lives in Ocean County, New Jersey.

5. Defendant is and was at all relevant times a business entity duly formed with a principal address at 50 Braintree Hill Office Park, Suite 310, Braintree, Massachusetts 02184 and its registered agent, Registered Agent Solutions, Inc., located at 44 School Street, Suite 505, Boston, Massachusetts 02108.

6. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

8. The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

10. Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## LEGAL BASIS FOR THE CLAIMS

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

13. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption. Therefore, all pre-

recorded telemarketing calls to residential lines and all ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

15. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

17. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

18. Defendant operates a service that offers consumers extended car warranties.

19. Unfortunately for consumers, in an attempt to build up business, Defendant utilizes a sophisticated telephone dialing system to call individuals *en masse* in an effort to solicit business from them. Defendant does so without getting the proper express written consent from consumers.

20. In fact, websites like BBB.com contain several complaints from consumers who, like the Plaintiff, were receiving unsolicited and unwanted auto dialed calls from the Defendant.

21. In Defendant's overzealous attempt to market its services, Defendant knowingly made (and continues to make) telemarketing phone calls without the prior express written consent of the call recipients and with the knowledge that they did not have the prior express written consent. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the Classes, but also intentionally and repeatedly violated the TCPA.

## FACTUAL BACKGROUND AS TO PLAINTIFF

22. Sometime prior to 2012, Plaintiff was assigned, and became the owner and customary user of the cellular telephone number (732) 535-2493.

23. Sometime prior to May of 2020, Defendant began calling Plaintiff on her cellular telephone number via an ATDS, as defined by 47 U.S.C. § 227(a)(1).

24. Upon answering the calls, Plaintiff heard a several second pause, and then a short, pre-recorded message, stating "If you are interested in renewing your auto warranty now please press five or press nine to be removed from our list ". Plaintiff was eventually forwarded to a live representative who attempted to solicit business from the Plaintiff for an extended warranty.

25. Plaintiff received these calls on countless occasions, including on May 6, 2020, November 6, 2020, November 9, 2020, January 11, 2021, January 28, 2021 and twice on January 29, 2021.

26. Plaintiff repeatedly followed the instruction to "press nine to be removed from our list" to no avail, including on January 21, 2021 and January 28, 2021. After Plaintiff would press the nine button, the calls did not cease.

27. The auto-dialed calls and pre-recorded messages continued to be placed by Defendant to Plaintiff's cellular phone; and, to date, Plaintiff is still receiving the calls from Defendant.

28. At no time did Plaintiff give Defendant express written consent to call Plaintiff's cellular telephone.

29. At no time did Plaintiff have a business relationship with Defendant.

30. After being transferred to a live representative, Plaintiff asked the individual what company she was speaking with. The individual confirmed that they were calling from the Defendant.

## LEGAL CLAIMS

31. Defendant's phone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiff did not provide Defendant prior express written consent to receive calls s to her cellular telephones utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. All phone calls Defendant made to Plaintiff, invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

34. Plaintiff has reason to believe that Defendant has called and continues to call thousands of wireless telephone customers using pre-recorded messages to market its services without consent and/or after consumers revoked their consent in a reasonable manner.

35. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of herself and the Classes of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

36. On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of a Class consisting of all individuals in the United States who received a phone call made by or on behalf of Sunpath Ltd. to an individual's cellular telephone, with the use of a pre-recorded message or automatic telephone dialing system, within the last four years.

38. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

39. Plaintiff and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; and Plaintiff and Class members' privacy was invaded.

40. The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable. Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.

41. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

42. Common questions for the Class include, without limitation:

    a. Whether Defendant's conduct violated the TCPA;

      b.      Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

      c.      Whether Defendant made phone calls and pre-recorded messages to consumers using any automatic dialing system to any telephone number assigned to a cellular phone service; and

      d.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

43.    Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

44.    Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

45.    Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

46.    This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

47.    Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

48.    This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

49. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

50. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

51. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

52. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
#### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
#### 47 U.S.C. § 227

53. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

54. Defendant made unsolicited and unauthorized phone calls to Plaintiff's and the Class members cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class, with the use of an ATDS or pre-recorded messages.

55. Defendant made the phone calls with the knowledge that they did not have the requisite prior express consent.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

57. Defendant's conduct invaded Plaintiff's privacy.

58. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. As a result of Defendant's willful and/or knowing violation of 47 U.S.C. § 227, *et seq.* of the TCPA the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Class.

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## JURY DEMAND

Plaintiff and the Class demand a jury trial on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

  a. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Marcus & Zelman, LLC as Class Counsel.

  b. An award of actual or statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

  c. An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

  d. Injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

  e. Pre-judgment and post-judgment interest on monetary relief; and

  f. All other and further relief as the Court deems necessary, just, and proper.

Dated: April 2, 2021        */s/ Ari Marcus*
                                          Ari Marcus, Esq.
                                          **MARCUS & ZELMAN, LLC**
                                          701 Cookman Avenue, Suite 300
                                          Asbury Park, New Jersey 07712
                                          Telephone:     (732) 695-3282
                                          Facsimile:      (732) 298-6256
                                          Ari@MarcusZelman.com

                                          ***Attorneys for Plaintiff***