## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**BRACH EICHLER LLC**
Bob Kasolas, Esq.
Mark E. Critchley, Esq.
101 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-5700
*Attorneys for Defendant SunPath Ltd.*

| | |
|---|---|
| **LORI HAGUE,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**SUNPATH LTD.,**<br><br>**Defendant** | CIVIL ACTION # 3:21-cv-08053<br><br>ELECTRONICALLY FILED<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant SunPath Ltd. ("SunPath"), through its undersigned counsel, and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully states the following in support of its Motion to Dismiss Plaintiff Lori Hague's ("Plaintiff") Complaint, ECF No. 1.

BE:11842176.1/SUN114-280037

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION** …………………………………………… | 1 |
| **II.** | **STATEMENT OF FACTS** ………………………………… | 3 |
| **III.** | **LEGAL STANDARD** ……………………………………….. | 5 |
| | A. Rule 12(b)(2) ……………………………………………….. | 5 |
| | B. Rule 12(b)(6) ………………………………………………… | 7 |
| **IV.** | **ARGUMENT** …………………………………………………… | 9 |
| | A.   The Complaint Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over SunPath …….. | 9 |
| |     1.   This Court Lacks General Jurisdiction Over SunPath.  ………………………………….. | 9 |
| |     2.   This Court Lacks Specific Jurisdiction Over SunPath. ……………………………………… | 10 |
| |         a.   SunPath did not purposefully direct actions at this forum. …………………….. | 11 |
| |         b.   Plaintiff's claims do not arise out of any forum-related activities of SunPath. ……... | 14 |
| |         c.   It is not reasonable to assert jurisidiction over SunPath. …………………………… | 15 |
| | B.   The Complaint Must Be Dismissed in Its Entirety for Failure to state a Claim. ………………………………… | 16 |
| |     1.   Plaintiff Fails to Allege Her Claims with Requisite Specificity. …………………………… | 17 |
| |     2.   Plaintiff Fails to Plausibly Allege SunPath Initiated or Directed Any Other Party to Initiate Calls to Plaintiff. ………………………………… . | 20 |
| **V.** | **CONCLUSION** …………………………………………… | 25 |

# TABLE OF AUTHORITIES

## Cases

*Abel v. Kirbaran*, 267 F. App'x 106 (3d Cir. 2008) .................................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................... 2, 8, 17, 23

*Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ...........................18

*Bank v. Vivint Solar, Inc.*, 18-CV-2555 (MKB), 2019 U.S. Dist. LEXIS 30638
    (E.D.N.Y. Feb. 25, 2019) ....................................................................................22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).......................................... passim

*Bohall v. United States*, 602 F. Supp. 2d 187 (D.D.C. 2009)..................................25

*Born v. Celtic Mktg. LLC*, 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220
    (C.D. Cal. May 20, 2020) ....................................................................................14

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017)..................9

*Camunas v. Nat'l Republican Senatorial Comm.*, CIVIL ACTION NO. 21-1005,
    2021 U.S. Dist. LEXIS 100125 (E.D. Pa. May 26, 2021) ........................... 22, 24

*Cardenas v. Spinnaker Resorts, Inc.*, Civil Action No.: 16-2466 (JLL), 2017 U.S.
    Dist. LEXIS 122315 (D.N.J. Aug. 3, 2017) ........................................................12

*Chavez v. Dole Food Co., Inc.*, 836 F.3d 205 (3d Cir. 2016)....................................9

*Corr. Med. Care, Inc. v. Gray*, CIVIL ACTION NO. 07-2840, 2008 U.S. Dist.
    LEXIS 6596 (E.D. Pa. Jan. 30, 2008) ...................................................................7

*Cunningham v. Health Plan Intermediaries Holdings, LLC*, NO. 3:18-cv-00518,
    2021 U.S. Dist. LEXIS 91978 (M.D. Tenn. May 14, 2021) ...............................24

*Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-
    CAN, 2019 U.S. Dist. LEXIS 154112 (E.D. Tex. Aug. 8, 2019) .......................23

*Cunningham v. Sunshine Consulting Group., LLC*, NO. 3:16-2921, 2018 U.S. Dist.
    LEXIS 121709 (M.D. Tenn. July 20, 2018).........................................................14

BE:11842176.1/SUN114-280037

*Daimler AG v. Bauman*, 571 U.S. 117 (2014).........................................................9

*Davis v. Portline Transportes Maritime Internacional*, 16 F.3d 532 (3d Cir. 1994))
.........................................................................................................................7

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) ...................................................18

*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) ...................................................24

*Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915 (2011)......................9

*Hicks v. Alarm.com Inc.*, Civil Action No. 1:20-cv-532, 2020 U.S. Dist. LEXIS
157433 (E.D. Va. Aug. 6, 2020)..........................................................................22

*Horton v. Sunpath, Ltd.*, Civil Action No. 3:20-CV-1884-B-BH, 2021 U.S. Dist.
LEXIS 50538 (N.D. Tex. Feb. 16, 2021) .............................................................14

*In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013)...............................................21

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ...........................................9, 16

*Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 U.S. Dist. LEXIS 178558 (N.D. Ill.
Dec. 18, 2012) ......................................................................................................25

*Jones v. S. Univ.*, CIVIL ACTION 18-1034-SDD-EWD, 2019 U.S. Dist. LEXIS
138665 (M.D. La. Aug. 15, 2019).......................................................................18

*Kline v. Advanced Ins. Underwriters, LLP*, CIVIL ACTION NO. 1:19-CV-00437,
2020 U.S. Dist. LEXIS 110453 (M.D. Pa. June 23, 2020................................6, 11

*Knutson v. Reply!, Inc*., CASE NO. 10-CV-1267 BEN (WMc), 2011 U.S. Dist.
LEXIS 7887 (S.D. Cal. Jan. 27, 2011) ................................................................25

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026 (3d Cir. 1997)
.........................................................................................................................6

*Mesalic v. Fiberfloat Corp.*, 897 F.2d 696 (3d Cir. 1990) ......................................11

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009)...................5, 6

iv

*Michaud v. Solomon*, Case No. 20-cv-11999-DJC, 2021 U.S. Dist. LEXIS 102076 (D. Mass. May 29, 2021) .....................................................................................14

*Morris v. Wells Fargo Bank, N.A.*, Civil Action No. 1:12-cv-01909 (CCC) (JAD), 2013 U.S. Dist. LEXIS 112286 (D.N.J. Aug. 8, 2013) ........................................7

*Naiman v. TranzVia LLC*, Case No. 17-cv-4813-PJH, 2017 U.S. Dist. LEXIS 199131 (N.D. Cal. Dec. 4, 2017) ..........................................................................14

*Newhart v. Quicken Loans Inc.*, CASE NO. 9:15-CV-81250, 2016 U.S. Dist. LEXIS 168721 (S.D. Fla. Oct. 12, 2016) ............................................................19

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 319 (3d Cir. 2007)........... 11, 14

*Pesa v. Scandinavian Airlines Sys.*, Case No. 2:19-cv-20415 (BRM) (JSA), 2021 U.S. Dist. LEXIS 80706 (D.N.J. Apr. 27, 2021)..................................................13

*Petri v. Kestrel Oil & Gas Properties, L.P.*, CIVIL ACTION H-09-3994; H-10-CV-122; H-10-CV-497, 2011 U.S. Dist. LEXIS 59909 (S.D. Tex. June 3, 2011) ...................................................................................................................19

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ..........................................5

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010) ....................................8

*Shanahan v. Nat'l Auto Prot. Corp.*, Case No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031 (N.D. Ill. June 9, 2020) ...................................................... 15, 22

*Sheeran v. Blyth Shipholding S.A.*, Civil No. 14-5482 (JBS/AMD), 2015 U.S. Dist. LEXIS 168019 (D.N.J. Dec. 16, 2015) ....................................... 18, 23

*Snowden v. Cazares*, CV12-3443 DSF(JC), 2016 U.S. Dist. LEXIS 186727 (C.D. Cal. Sept. 8, 2016) .........................................................................................18

*Stark v. Stall*, Case No.: 19-cv-00366-AJB-AHG, 2021 U.S. Dist. LEXIS 945 (S.D. Cal. May 18, 2021) ....................................................................................24

*Warciak v. Subway Rests., Inc.*, 1:16-cv-08694, 2019 U.S. Dist. LEXIS 32357 (N.D. Ill. Feb. 28, 2019) ....................................................................................24

v

*Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) .............................12

*Wortham v. KarstadtQuelle AG*, 320 F. Supp. 2d 204 (D.N.J. 2004) .......................6

*Zola H. v. Snyder*, Case No. 12-14073, 2013 U.S. Dist. LEXIS 125199 (E.D. Mich. Sept. 3, 2013).............................................................................................. 19, 23

BE:11842176.1/SUN114-280037

## I.     INTRODUCTION

Plaintiff's Complaint suffers from two threshold defects.  First, this Court lacks personal jurisdiction over SunPath.  Plaintiff fails to allege a plausible basis for this Court to assert personal jurisdiction over SunPath—because no plausible basis exists.  Plaintiff asserts only generalized and unsupported conclusions that SunPath or some unnamed agent acting on its behalf—it is unclear which— allegedly made unsolicited calls to her cell phone beginning in May 2020.  Compl. ¶¶ 6, 25.

The sworn declaration submitted by SunPath's President, Andrew Garcia ("Mr. Garcia"), which is attached as **Exhibit 1**, shows exactly why Plaintiff could plead no plausible allegations establishing this Court's personal jurisdiction over SunPath, and rebuts Plaintiff's already-insufficient jurisdictional allegations. SunPath has no ties to New Jersey that could support this Court's exercise of general jurisdiction over it.  SunPath is a Delaware company that is headquartered in Massachusetts.  General jurisdiction is neither plausibly alleged nor present here.  Specific jurisdiction is also lacking—SunPath does not initiate *any* outbound marketing calls to consumers, including any calls that form the basis of Plaintiff's claims, such that no plausible claim of specific jurisdiction based on direct liability is or could be plead.  And further, SunPath did not direct or control any third-party

1

who may have made any of the phone calls at issue.  As such, specific jurisdiction based on a plausible claim of vicarious liability is also wanting here.

Second, even if this Court could exercise personal jurisdiction over SunPath, the Court should still dismiss Plaintiff's Complaint for its failure to state any plausible claims against SunPath.  Plaintiff makes no allegations that provide any factual assertions to bolster claims that SunPath actually made any calls or that any recording she heard or live agent she spoke with during a call disclosed his or her authority to act on behalf of SunPath.

SunPath operates in a highly competitive industry with many, many actors (not all of whom honestly report their affiliations with third parties).  Plaintiff seems to have sued SunPath simply because it is associated with the types of products she may have heard about on some of these recordings or discussed with a non-party.  But simply being in the industry is clearly not a sufficient nexus to cross the Supreme Court's pleading standard under *Iqbal* and *Twombly*— that is, to provide sufficient factual content to take the claim from *possible* to *plausible*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  There is no plausible claim for direct or vicarious liability against SunPath.  The allegations to support Plaintiff's claim of vicarious liability are merely unsubstantiated legal conclusions (which, for the Court's jurisdictional analysis, are controverted by the sworn declaration submitted by Mr. Garcia).

2

SunPath does not engage in any telemarketing, does not authorize any other parties to make marketing calls on its behalf, and does not exercise any degree of control or direction over the independent third-party contractors that market and sell the products SunPath administers.  Plaintiff seems to assume—contrary to well-settled law—that any time there is a contract there must be a principal-agency relationship.  But common, everyday experience teaches us that a grocery store, for example, is not the legal agent of the thousands of food suppliers whose goods it sells simply because it sells their products.   Thus, Plaintiff's claims against SunPath fall well short of the Supreme Court's pleading standard in *Twombly* and *Iqbal*.  Plaintiff's Complaint should therefore be dismissed in its entirety.

## II.   STATEMENT OF FACTS

1.   Plaintiff filed this action for damages, claiming that SunPath violated the Telephone Consumer Protection Act ("TCPA") when SunPath made at least seven calls[1] to her cell phone, using what Plaintiff claims was an automatic telephone dialing system ("ATDS") to deliver prerecorded messages.  Compl. ¶¶ 22-25.

2.   Notably, however, the pre-recorded messages Plaintiff describes make no mention of SunPath.  *Id.* ¶ 24.  Indeed, it appears that Plaintiff's entire basis for

---

[1]   While Plaintiff alleges she received "these calls on countless occasions," she only specifically lists seven calls, and only describes two of those.  Compl. ¶¶ 25-26.

claiming SunPath is responsible for calls to her cell phone is that on some undisclosed date, some unnamed individual made some unspecified statement that in Plaintiff's mind "confirmed they were calling from the Defendant." *Id.* ¶ 30.

3.     But Plaintiff's Complaint creates an impossible muddle of who she might be referring to whenever she uses the word "Defendant."  Before describing these calls, where the recordings apparently mentioned no company by name, but some unnamed "live representative" allegedly uttered some hearsay connecting one call to a "Defendant," Plaintiff impermissibly dilates her usage of "Defendant" to an unidentifiable class of people or entities. *See id.* ¶ 6 ("[w]henever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals [*sic*], agents, servants, or employees committed such act or omission[.]").

4.     As Mr. Garcia's declaration explains, SunPath was in no way involved with the calls at issue.   Garcia Decl. ¶¶ 7-9.   SunPath administers extended vehicle warranty plans purchased by consumers.  *Id.* ¶ 4.  SunPath does not make *any* outgoing marketing calls to consumers, and did not make the alleged calls to Plaintiff that are the subject of this case.  *Id.* ¶ 7.

5.     Additionally, SunPath did not control or authorize any party to make the alleged calls to Plaintiff.  *Id.* ¶¶ 8-18.   In fact, SunPath does not direct or control any of the actions of any party that sells or markets the products it

4

administers.  All such entities are independent third-parties that agree to comply with the TCPA and all applicable regulations, but are otherwise responsible for conducting their own marketing efforts consistent with applicable law.  Garcia Decl. ¶¶ 8-18.

6.    SunPath is a Delaware corporation engaged in selling and administering extended vehicle warranty plans, with its principal offices in Massachusetts.  *See id.* ¶¶ 3-4.  Although registered to do business in New Jersey, SunPath does not own or lease property, maintain assets in, or conduct business operations of any kind from, New Jersey.  *Id.* at 5-6.

## III.   LEGAL STANDARD

### A.    Rule 12(b)(2)

Personal jurisdiction "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citing *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)).  Plaintiff bears the burden of demonstrating facts that establish a *prima facie* case of personal jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).  Generally, when deciding whether to dismiss a complaint for lack of jurisdiction, a court is

5

required to accept the plaintiff's allegations as true and views evidence in the light most favorable to the plaintiff. *Id.*

However, "[t]he requirement that the Court accept as 'true all of the allegations in the complaint' in deciding a Rule 12(b)(2) motion no longer applies when 'those allegations are contradicted by the defendants' affidavits.'" *Kline v. Advanced Ins. Underwriters, LLP*, CIVIL ACTION NO. 1:19-CV-00437, 2020 U.S. Dist. LEXIS 110453, at *12-13 (M.D. Pa. June 23, 2020) (quoting *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012)). "'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prove by affidavits or other competent evidence that jurisdiction is proper.'" *Metcalfe*, 566 F.3d at 330 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (corrected in *Dayhoff Inc. v. H.J. Heinz Co.*, Nos. 95-3404, 96-3250, 1996 U.S. App. LEXIS 18266 (3d Cir. July 24, 1996))).

Conclusory allegations without reference to specific evidence are insufficient to establish personal jurisdiction. *Wortham v. KarstadtQuelle AG*, 320 F. Supp. 2d 204, 216-17 (D.N.J. 2004) ("There must at least be facts upon which to predicate general jurisdiction. There are none here."); *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (refusing to allow jurisdictional discovery because plaintiffs averments that defendant "transact[ed] business" in the relevant forum were insufficient to ascribe actual

6

forum contacts to the defendants (citations omitted)).   Plaintiff's support for jurisdictional allegations must be credible evidence based on personal knowledge. *Corr. Med. Care, Inc. v. Gray*, CIVIL ACTION NO. 07-2840, 2008 U.S. Dist. LEXIS 6596, at *28-29 (E.D. Pa. Jan. 30, 2008) (citing *Green Keepers, Inc. v. Softspikes, Inc*., CIVIL ACTION NO. 98-2255, 1998 U.S. Dist. LEXIS 15157 (E.D. Pa. Sept. 23, 1998) (concluding that where the affidavits or other evidence submitted by the plaintiffs is inadmissible, incompetent, or untrustworthy, such as when an affidavit is not based on personal knowledge but instead inadmissible hearsay, the evidence "fails to satisfy plaintiff's burden of showing that personal jurisdiction is proper"); *Davis v. Portline Transportes Maritime Internacional*, 16 F.3d 532, 537 n.6 (3d Cir. 1994)); *see also Morris v. Wells Fargo Bank, N.A.*, Civil Action No. 1:12-cv-01909 (CCC) (JAD), 2013 U.S. Dist. LEXIS 112286, at *12 (D.N.J. Aug. 8, 2013) (citing *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990)) (disregarding plaintiff's declaration as evidence in support of jurisdiction when not based on personal knowledge of declarant).

## B.    Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to state a cognizable legal theory or allege enough plausible facts to support the claim stated. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

7

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   If the "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief.'" *Id.* (citation omitted).   While detailed factual allegations are not necessary, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In ruling on a 12(b)(6) motion to dismiss, courts in this Circuit conduct a three-part analysis.   *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).   The court first takes note of all elements of the claim.   *Id.*   Second, the court identifies all allegations that are mere conclusions and, therefore, not entitled to assumptions of truth.   *Id.*   Third, where there are well-pleaded factual allegations, the court must determine whether they could plausibly entitle the plaintiff to the desired relief.   *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.   A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible.   *Id.*

BE:11842176.1/SUN114-280037

## IV.   ARGUMENT

### A.   The Complaint Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over SunPath.

This Court lacks personal jurisdiction over SunPath in this matter.   To survive a 12(b)(2) Motion, a plaintiff must show that the Court has general or specific jurisdiction when personal jurisdiction is challenged.   *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[I]n order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (citations and quotations omitted).   Plaintiff has failed to plausibly show that either type of personal jurisdiction applies to SunPath, and the sworn Declaration of its President further rebuts Plaintiff's conclusory allegations.

### 1.   This Court Lacks General Jurisdiction Over SunPath.

General jurisdiction does not exist here.   General personal jurisdiction is only satisfied when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and quotation omitted); *see also Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016).   SunPath is a

9

Delaware corporation engaged in selling and administering extended vehicle warranty plans, with its principal offices located in Braintree, Massachusetts. *See* Garcia Decl. ¶¶ 3-4. SunPath does not have any assets in or conduct *any* operations from New Jersey, much less any that would qualify as continuous or systematic. *Id.* at ¶ 6. General jurisdiction does not apply to SunPath in this matter, and Plaintiff does not—and *cannot*—plausibly allege otherwise.

### 2.     This Court Lacks Specific Jurisdiction Over SunPath.

Absent a showing of general jurisdiction, the only avenue for exercising personal jurisdiction over SunPath is to show that specific jurisdiction may be exerted over the company. Plaintiff fails to carry her burden here because she does not plausibly allege that SunPath played any role in initiating any call to her cellular phone—the only act relevant to TCPA claims. Instead, she makes broad, conclusory allegations that are unsupported by any well-pleaded factual allegation. *See*, *e.g.*, Compl. ¶ 10.

Specific jurisdiction exists where the "cause of action arises out of [t]he defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Abel v. Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008) (quoting *Remick v. Manfredy*, 238 F.3d 248, 255 (2001)). The Third Circuit utilizes a three part test to determine specific jurisdiction: (1) the defendant must have purposefully directed its activities at the forum; (2) the

litigation must arise out of or relate to at least one of those activities; and (3) if the prior two requirements are met, whether the exercise of jurisdiction comports with notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations and quotations omitted). And again, "the plaintiff bears the burden of demonstrating that contacts with the forum state are sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).

a.      SunPath did not purposefully direct actions at this forum.

Plaintiff has not shown that SunPath purposefully directed any activities at this forum. A purposeful-direction analysis in TCPA matters like this one turn on whether the defendant, or some agent of the defendant, initiated a call to a party within the forum state. *See Kline v. Advanced Ins. Underwriters, LLP*, CIVIL ACTION NO. 1:19-CV-00437, 2020 U.S. Dist. LEXIS 110453, at *15 (M.D. Pa. June 23, 2020) (quoting *Shelton v. Nat'l Gas & Elec., LLC*, CIVIL ACTION NO. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *21 (E.D. Pa. Apr. 5, 2019)) ("It is true that that [sic] in TCPA cases, 'courts generally find that specific personal jurisdiction exists when a defendant sends a message into the forum state by targeting a phone number in that forum.'"). Plaintiff simply does not assert any factual allegations that plausibly show that SunPath directed any call to her. She

11

just concludes that SunPath is responsible for every call related to auto warranties generally, based on one occasion when an unnamed individual allegedly disclosed some unspecific association with "Defendant." Compl. ¶¶ 23-30. And as noted above, Plaintiff's definition of "Defendant" includes a raft of potential non-parties with various legal conclusions embedded therein. Compl. ¶ 6. This is not a well-pleaded allegation that SunPath actually made any call. Mr. Garcia's declaration also controverts Plaintiff's unsupported claim: SunPath does not make *any* outgoing marketing calls to consumers whatsoever, and certainly did not make any calls to Plaintiff. Garcia Decl. ¶ 7.

Nor can Plaintiff rely on any purported agency relationship between SunPath and some unnamed third-party that may have been responsible for any calls at issue, as she does not provide any allegations that plausibly establish an agency relationship actually exists. As this Court has previously decided, a TCPA plaintiff must allege specific facts showing an agency relationship existed and the principal directed the agent to make the calls at issue. *See Cardenas v. Spinnaker Resorts, Inc.*, Civil Action No.: 16-2466 (JLL), 2017 U.S. Dist. LEXIS 122315 (D.N.J. Aug. 3, 2017); *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017) (even assuming the relevance of agency to a specific jurisdiction analysis, "under any standard for finding an agency relationship, the [principal] must have the right to substantially control its [agent's] activities.").

12

Plaintiff tries to shoehorn in agency allegations by making the broad statement that "[w]henever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant[.]" Compl. ¶ 6. But *nowhere* in her Complaint does Plaintiff provide a single iota of factual content about the identity of any agent, what specific act any agent performed or was authorized to perform, or that SunPath exercised control over that alleged agent's actions. *See Pesa v. Scandinavian Airlines Sys.*, Case No. 2:19-cv-20415 (BRM) (JSA), 2021 U.S. Dist. LEXIS 80706, at \*14 (D.N.J. Apr. 27, 2021) (quoting *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 138 N.J. 106, 649 A.2d 379, 386 (N.J. 1994)) (The personal jurisdiction analysis "is meant to ensure that an out-of-state defendant will not be haled into court based on 'random, fortuitous, or attenuated contacts *or as a result of the unilateral activity of some other party*.'") (emphasis added).

As Mr. Garcia's sworn testimony confirms, Plaintiff's Complaint omits that critical link because no such agency relationship exists. *See* Garcia Decl. ¶¶ 8-13 (SunPath does not direct or control any independent third-party that markets or sells its products, in part because the seller chooses on any given call whether to pitch a SunPath product or one offered by one of SunPath's many competitors).

Accordingly, Plaintiff fails to carry her burden that SunPath or any purported agent of SunPath purposefully directed calls to Plaintiff in this forum.[2]

> b. Plaintiff's claims do not arise out of any forum-related activities of SunPath.

For the relatedness inquiry, in order for the extension of personal jurisdiction to survive constitutional scrutiny, a claim must "arise out of," or be related to, the defendant's in-forum activities. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 319 (3d Cir. 2007). "[S]tated most simply, this test examines whether any of the

---

[2]    Courts around the country have dismissed TCPA claims with similarly vacant or even more factual content alleging personal jurisdiction via actions of a purported agent. *See*, *e.g.*, *Michaud v. Solomon*, Case No. 20-cv-11999-DJC, 2021 U.S. Dist. LEXIS 102076, at *12-13 (D. Mass. May 29, 2021) (finding no jurisdiction when TCPA defendant submitted affidavits showing alleged caller was not an employee); *Horton v. Sunpath, Ltd.*, Civil Action No. 3:20-CV-1884-B-BH, 2021 U.S. Dist. LEXIS 50538, at *12 (N.D. Tex. Feb. 16, 2021) (granting TCPA defendant's motion to dismiss because "[plaintiff's] conclusory allegation that Defendant acted in an agency relationship with telemarketing companies to contact him in Texas to sell warranties does not suffice to impute [purported principal's] actions to Defendant under an agency theory."); *Born v. Celtic Mktg. LLC*, 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220, at *13 (C.D. Cal. May 20, 2020) (in a factually similar case against SunPath, dismissing TCPA plaintiff's claims for lack of personal jurisdiction based on agency because allegations did not address "the key element lacking here, namely, the principal's right of control."); *Cunningham v. Sunshine Consulting Group., LLC*, NO. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, (M.D. Tenn. July 20, 2018) (dismissing TCPA claim for lack of personal jurisdiction for plaintiff's claim that he was called by a defendant's alleged agent based solely on "the fact that a single charge on Plaintiff's credit card account was attempted by another party through [defendant's] merchant account."); *Naiman v. TranzVia LLC*, Case No. 17-cv-4813-PJH, 2017 U.S. Dist. LEXIS 199131, at *38-39 (N.D. Cal. Dec. 4, 2017) ("[H]aving failed to adequately plead liability based on agency, plaintiff cannot show that the court has personal jurisdiction over [defendant] on that basis.").

14

defendant's contacts with the forum are relevant to the merits of the plaintiff's claim." *Id.* (citation omitted).  The relevant inquiry here is whether the defendant initiated call(s) to the forum state.  *See*, *e.g. Shanahan v. Nat'l Auto Prot. Corp.*, Case No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031, at *7 (N.D. Ill. June 9, 2020) (specific jurisdiction over defendants in a TCPA case "must arise from the relevant phone call.").

The analysis under this prong is simple: SunPath did not engage in any forum-related activities because it does not make *any* calls to consumers, including any of the calls Plaintiff claims she received.  As discussed above, Plaintiff makes no plausible allegation that SunPath or any third-party that it controls initiated the calls at issue.  *See* Compl. ¶¶ 6, 23-30.  Rather, Plaintiff *simply presumes* that SunPath directed the call(s) without supporting evidence.  The sworn Declaration submitted in support of this Motion conclusively rebuts Plaintiff's conclusory allegations by establishing that SunPath *does not make outgoing marketing calls to consumers*, including the alleged calls to Plaintiff.  Garcia Decl. ¶ 7.  Accordingly, Plaintiff fails to carry her burden under this prong.

c.      It is not reasonable to assert jurisdiction over SunPath.

The final prong deals with whether it is reasonable to assert jurisdiction, or whether the exercise of jurisdiction comports with "'traditional notions of fair play and substantial justice.'"  *O'Connor*, 496 F.3d at 324 (3d Cir. 2007) (quoting *Int'l*

15

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Court only analyzes this prong if the prior two requirements are met.  *Id.* at 317.  Plaintiff clearly has not met her burden under the first two prongs; but even assuming, *arguendo*, that the Court did need to examine this prong, it is still inherently unreasonable to subject SunPath to this forum's jurisdiction in this case.  To determine reasonableness, the Court examines a number of factors, including the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies.  *Id.* at 324 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).   There is an obviously high burden for SunPath, which is based in Massachusetts, to travel to New Jersey to defend itself in this matter.  However, more importantly, under all of the remaining prongs of these factors, excepting the interests of the plaintiff, it is inherently unreasonable that SunPath be subjected to this jurisdiction when Plaintiff has made no plausible allegations that it has any connection to this jurisdiction or the calls that form the basis of her claims.  In other words, it is not in this Court's interests, or the interests of the interstate judicial system, to drag a party into a forum when there has been no showing that said party is at all connected to the claims at issue. *Michaud v. Solomon*, Case No. 20-cv-11999-DJC, 2021 U.S. Dist. LEXIS 102076, at *15 (D. Mass. May 29, 2021) (finding it unreasonable to assert jurisdiction over

a TCPA defendant when plaintiff failed to provide evidence that defendant directed calls into the forum state).

### B. The Complaint Must Be Dismissed in Its Entirety for Failure to State a Claim.

Even if this Court had jurisdiction over SunPath, Plaintiff's Complaint would still have to be dismissed in its entirety for failure to plausibly state a claim for violations of the TCPA. As stated above, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.* While the Court must view well-pleaded *facts* as true, conclusory *allegations* are not entitled to the assumption of truth, and a plaintiff must plead more than conclusory allegations that are merely consistent with liability in order to survive a motion to dismiss. *Id* at 678. Plaintiff's Complaint lacks any details whatsoever, and contains nothing but implausible conclusory allegations and threadbare assertions of the sort that warrant dismissal.

BE:11842176.1/SUN114-280037

### 1.   Plaintiff Fails to Allege Her Claims with Requisite Specificity.

First and foremost, Plaintiff fails to state any plausible claim for relief because her broad description of "Defendant" improperly lumps SunPath with a Noah's Ark of unnamed purported agents and "vice-principals," whomever that could be, and other third parties, and attributes all conduct to those parties generally.  "Courts in this district generally agree that this type of 'group pleading' does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them."  *Sheeran v. Blyth Shipholding S.A.*, Civil No. 14-5482 (JBS/AMD), 2015 U.S. Dist. LEXIS 168019, at *8 (D.N.J. Dec. 16, 2015) (*Mot. for Summ. J. granted in*, *Sheeran v. Blyth Shipholdings S.A.*, Civil No. 14-5482 (JBS/AMD), 2017 U.S. Dist. LEXIS 44208 (D.N.J. Mar. 27, 2017); *see also Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (approving district court's dismissals based on plaintiffs' "everyone did everything" allegations); *Snowden v. Cazares*, CV12-3443 DSF(JC), 2016 U.S. Dist. LEXIS 186727, at *18 (C.D. Cal. Sept. 8, 2016) ("[T]he Second Amended Complaint never clearly connects any particular event or incident to any specific legal claim against any particular defendant as required.").[3]  Plaintiff fails to satisfy Rule 8's pleading

---

[3]     *See also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . .  Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."); *Jones v. S. Univ.*, CIVIL ACTION 18-1034-

standard by lumping the actions of a raft of unnamed agents in with the supposed conduct of SunPath and claiming all allegations in her Complaint were undertaken by these parties generally.

TCPA liability also demands an examination of each individual call; allegations cannot be applied to an overall campaign. *See Newhart v. Quicken Loans Inc.*, CASE NO. 9:15-CV-81250, 2016 U.S. Dist. LEXIS 168721, at *7 (S.D. Fla. Oct. 12, 2016) (concluding, based on Commission and judicial precedent, that the proper analysis under section 227 requires an "examination of individual calls, not the 'overall campaign'") (citation and quotation omitted). Plaintiff does not plausibly allege any single call was made by or on behalf of SunPath with the specificity required to state a *plausible* claim for violations of the TCPA.

---

SDD-EWD, 2019 U.S. Dist. LEXIS 138665, at *15 (M.D. La. Aug. 15, 2019) ("Any references to [a specific defendant] contained in wholesale, generalized references to 'the defendants' fails to meet the Rule 12(b) pleading standard as a matter of law.  [S]uch generalized references to actions by all defendants are insufficient to state a claim.") (citations omitted); *Zola H. v. Snyder*, Case No. 12-14073, 2013 U.S. Dist. LEXIS 125199, at *26 (E.D. Mich. Sept. 3, 2013) (dismissing complaint that lumped defendants together and failed "to impute concrete acts to specific litigants"); *Petri v. Kestrel Oil & Gas Properties, L.P.*, CIVIL ACTION H-09-3994; H-10-CV-122; H-10-CV-497, 2011 U.S. Dist. LEXIS 59909, at *18 (S.D. Tex. June 3, 2011) ("Plaintiffs have improperly lumped all Defendants together in the amended complaint, which is too vague and ambiguous to state a claim and is devoid of particularized and specific allegations against [a single defendant] . . . . ").

BE:11842176.1/SUN114-280037

Instead, Plaintiff makes sweeping and unsubstantiated allegations regarding a speculative description of how she incorrectly imagines SunPath's business operates.  Compl. ¶¶ 18-21.  She then states that she received calls on "countless occasions," while only mentioning six dates on which calls occurred.  *Id.*  ¶ 25. But she does not describe how she comes to the conclusion that every one of the unspecified number of calls she claims to have received was tied to SunPath, when she admits that the recordings never mentioned SunPath (Compl. ¶ 24), and she can only describe one instance of hearsay when an unnamed agent allegedly "confirmed that they were calling from the Defendant."  *Id.* ¶ 30.  And it is unclear when this single occasion of hearsay may have occurred, or who this purported agent was working for.

It is simply not plausible for Plaintiff to allege that SunPath is responsible for every call she receives related to a vehicle warranty plan—a highly competitive industry with many companies offering similar products, and various ne'er-do-well actors often misrepresenting products on false pretenses—based on a call that she received on an uncertain date by an unnamed party who did not disclose that SunPath had any control over its actions.  By Plaintiff's absurd logic, it is plausible to assert a tort claim against UPS for every single accident involving a brown vehicle.  Plaintiff's generalized claims must be dismissed.

### 2. Plaintiff Fails to Plausibly Allege SunPath Initiated or Directed Any Other Party to Initiate Calls to Plaintiff.

Plaintiff fails to state a claim for direct liability against SunPath.  The potential for direct liability under the TCPA can apply only under certain circumstances, and only to entities that "initiate" the telemarketing calls, *see In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013).  A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call."  *Id*. at 6583 ¶ 26.  Plaintiff simply provides *no* evidence to show that SunPath actually initiated any of the calls at issue.  Plaintiff makes conclusory statements that "Defendant" (with "Defendant" meaning SunPath or some other undisclosed party with an unclear relationship to SunPath, *see* Compl. ¶ 6) made the calls at issue. *See*, *e.g.*, Compl. ¶ 23.  But the only reference in the entirety of her Complaint related to the identity of the calling party is Plaintiff's statement that *after she was transferred* from the initial call, which played a message that did not mention SunPath, she spoke to an unnamed individual who stated some unclear affiliation with "Defendant"—whomever that may be in her long list of parties allegedly affiliated somehow with SunPath, such as the novel group of "vice-principals," who are understood to have broad authority over high school discipline, but very little relevance in commercial matters like this.  Compl. ¶¶ 6, 24-26, 30.

Plaintiff makes no actual showing that any of the prerecorded messages she claims to have received made any reference to SunPath, or what led her to believe Defendant was responsible for initiating any of the alleged calls (as opposed to, for example, a third party that also sells similar products to those administered by SunPath, or an independent party merely authorized to sell SunPath's and various other third parties' products).[4]  *See*, *e.g.*, *Camunas v. Nat'l Republican Senatorial Comm.*, CIVIL ACTION NO. 21-1005, 2021 U.S. Dist. LEXIS 100125, at *9 (E.D. Pa. May 26, 2021) (granting 12(b)(6) motion because TCPA plaintiff's complaint "does not quote or otherwise describe the content of the alleged messages in a way that indicates the [defendant], rather than another individual or organization, sent the messages."); *see also Bank v. Vivint Solar, Inc.*, 18-CV-2555 (MKB), 2019 U.S. Dist. LEXIS 30638, at *10 (E.D.N.Y. Feb. 25, 2019) (dismissing TCPA claims because "[plaintiff] provides no details as to the content

---

[4]     Indeed, simply describing what type of product was purportedly offered during the alleged calls as Plaintiff does without any further support for why that led Plaintiff to conclude Defendant was the party responsible for initiating the call is exactly the type of conclusory allegation that requires dismissal.  *See Hicks v. Alarm.com Inc.*, Civil Action No. 1:20-cv-532, 2020 U.S. Dist. LEXIS 157433, at *11 (E.D. Va. Aug. 6, 2020) (finding that plaintiff's allegations labeling defendant the sender of subject text messages simply because of the service offered in the messages was merely a conclusion and dismissed pursuant to Rule 12(b)(6)).  Similarly, Plaintiff cannot rely on unrelated hearsay statements contained in BBB complaints made by unrelated parties.  *See Shanahan v. Nat'l Auto Prot. Corp.*, Case No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031, at *17 (N.D. Ill. June 9, 2020)  (rejecting BBB complaints as evidence in support of TCPA claims).

of the Prerecorded Call from which he could have inferred that it was placed by an agent of [defendant].").

Plaintiff's threadbare recitals are exactly the type of unsubstantiated "defendant-harmed-me" allegations that warrant dismissal prior to opening the expensive doors of discovery.  And as stated above, Plaintiff's attempt to plead direct liability as to SunPath by lumping it in with the actions of an unspecified number of parties she refers to as "Defendant" fails to meet the Rule 8 pleading standard.  *Sheeran*, 2015 U.S. Dist. LEXIS 168019, at *8; *Snyder*, 2013 U.S. Dist. LEXIS 125199, at *26 (ruling that a complaint that "fails to impute concrete acts to specific litigants, fails to state a plausible claim.").  This is the paradigmatic case of a defective pleading under *Iqbal* and *Twombly*.

Plaintiff also fails in her half-hearted attempt at pleading vicarious liability on behalf of SunPath.  As discussed at length above, Plaintiff's sole allegations regarding potential liability via the acts of some unnamed agent are the conclusory recitals that any act described "was done with the full authorization, ratification or approval of Defendant[.]"  Compl. ¶ 6.  Her Complaint contains no evidence that support any of those legal conclusions or distinguish an alleged agent's actions from an alleged principal's.  These are exactly the type of threadbare recitals that must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

23

statements, do not suffice" in meeting the standard required by Rule 8); *see also Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *12 (E.D. Tex. Aug. 8, 2019) (citing *Naiman v. Freedom Forever, LLC*, Case No.19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728, at *8 (N.D. Cal. Apr. 24, 2019) ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers— broad, general allegations are not sufficient.")).[5]

Nor does Plaintiff describe the content of any calls she allegedly received, or give any factual support for her claim that an ATDS or prerecorded message was used, or that SunPath was even the party that initiated any single call at issue here. Plaintiff's lack of factual support for her ATDS claim is especially egregious given that the Supreme Court recently and unanimously clarified that only very specific equipment qualifies as an ATDS, and the Complaint does not plead *any* plausible

---

[5]    *See also Cunningham v. Health Plan Intermediaries Holdings, LLC*, NO. 3:18-cv-00518, 2021 U.S. Dist. LEXIS 91978, at *7-8 (M.D. Tenn. May 14, 2021) (dismissing TCPA claims for failing to plausibly allege facts that purported principal had manifested authority in agent); *Warciak v. Subway Rests., Inc.*, 1:16-cv-08694, 2019 U.S. Dist. LEXIS 32357, at *7 (N.D. Ill. Feb. 28, 2019) (finding that to plausibly allege apparent authority in TCPA claim, "[plaintiff] would need to allege that he reasonably believed [agent] text messaged him as [principal's] agent and that his belief is traceable to some communication from [principal].") (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 777 (N.D. Ill. 2014)); *Stark v. Stall*, Case No.: 19-cv-00366-AJB-AHG, 2021 U.S. Dist. LEXIS 94503, at *8-9 (S.D. Cal. May 18, 2021) (dismissing TCPA complaint with more detailed factual allegations than Plaintiff's for failure to state a plausible claim of either direct or vicarious liability).

24

factual support that meets this standard.  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021) ("This Court must interpret what Congress wrote, which is that 'using a random or sequential number generator' modifies both 'store' and 'produce.'"); *see also Camunas*, 2021 U.S. Dist. LEXIS 100125 at *11-14; *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 U.S. Dist. LEXIS 178558, at *6 (N.D. Ill. Dec. 18, 2012) (holding that "pleading the use of an ATDS, without providing any other supporting facts," fails Rule 12(b)(6)); *Knutson v. Reply!, Inc.*, CASE NO. 10-CV-1267 BEN (WMc), 2011 U.S. Dist. LEXIS 7887, at *6 (S.D. Cal. Jan. 27, 2011) ("[T]he complaint gives no details about the manner of the calls except that they were solicitations . . . .").

In short, Plaintiff's collection of "the-defendant-unlawfully-harmed-me accusation" are the classic threadbare allegations that fail to meet Rule 8's pleading requirements.  Plaintiff's scant conclusions do not even amount to the bare recitations of the elements of the claims she tries to assert, much less rising to the level of providing *sufficient, well-pleaded factual content* that makes it plausible that SunPath "intentionally and repeatedly violated the TCPA," as Plaintiff claims.  Compl. ¶ 21; *see also Bohall v. United States*, 602 F. Supp. 2d 187, 189 (D.D.C. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (dismissing "allegations [that] merely parrot statutory language and do not allege facts sufficient 'to raise a right to relief above the speculative level.'").  The

25

Court should therefore dismiss Plaintiff's insufficient Complaint in its entirety for failure to state a claim.

## V.    CONCLUSION

For the reasons set forth above, SunPath respectfully moves this Court to enter an Order dismissing Plaintiff Lori Hague's Complaint for lack of personal or subject-matter jurisdiction and for failure to state a claim for violations of the Telephone Consumer Protection Act, and for such further relief as this Court may allow.

BE:11842176.1/SUN114-280037

**BRACH EICHLER LLC**

*Attorneys for Defendant SunPath Ltd.*

By:     */s/ Bob Kasolas*
      Bob Kasolas, Esq.
      Mark E. Critchley, Esq.

      and

      Joseph P. Bowser, Esq.
      *Pro hac vice application pending*
      (VA State Bar/Federal Bar No. 88399)
      ROTH JACKSON
      1519 Summit Avenue, Suite 102
      Richmond, VA 23230
      T: 804-441-8701
      F: 804-441-8438
      jbowser@rothjackson.com

      and

      Gregory M. Caffas, Esq.
      *Pro hac vice application pending*
      (VA State Bar/Federal Bar No. 92142)
      ROTH JACKSON
      8200 Greensboro Drive, Suite 820
      McLean, Virginia
      T: 703-485-3533
      F: 703-485-3525
      gcaffas@rothjackson.com

DATED: June  8, 2021

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 8, 2021 a true and correct copy of the foregoing document has been served via the Court's ECF system on:

Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Ashbury Park, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
Ari@marcuszelman.com

*/s/ Bob Kasolas*
Bob Kasolas, Esq.

28