UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LORI HAGUE, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH LTD.,**<br><br>**Defendant** | CIVIL ACTION # 3:21-cv-08053<br><br>ELECTRONICALLY FILED<br><br>**DECLARATION OF ANDREW GARCIA IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pursuant to 28 U.S.C. § 1746, I, ANDREW GARCIA, under penalty of perjury, declare as follows:

1. My name is Andrew Garcia. I am over 21 years of age and am competent to give testimony. I make the statements in this declaration based on my personal knowledge, including knowledge gained in my position as President of SunPath Ltd. ("SunPath").

2. I have reviewed Plaintiff Lori Hague's ("Plaintiff") Complaint ("Complaint").

3. SunPath is a Delaware corporation and maintains its principal place of business in Braintree, Massachusetts.

4. SunPath administers automobile service contracts to consumers.

5. SunPath does not own or lease any property, or own or maintain any assets in the State of New Jersey.

6. SunPath has never conducted business operations of any kind from the State of New Jersey.

7. Plaintiff states in her Complaint that "[a]fter being transferred to a live representative, Plaintiff asked the individual what company she was speaking with. The individual confirmed that they were calling from [SunPath]." *See* Compl. ¶ 30. However, SunPath does not initiate outbound sales calls to consumers. More specifically, SunPath did not initiate any of the alleged calls to Plaintiff which form the basis of Plaintiff's Complaint ("Subject Calls"). In fact, SunPath has not initiated any calls to Plaintiff whatsoever.

8. Moreover, SunPath did not direct, oversee, or manage any third party in initiating the Subject Calls, or any other outbound telemarketing phone calls to consumers in New Jersey. SunPath did not cause anyone else to call Plaintiff.

9. Various sales and marketing companies have sought permission by contract to market the policies that SunPath administers. SunPath grants permission to certain companies on a non-exclusive basis and acknowledges that these marketing companies also have received permission to market the policies administered by SunPath's competitors. For this and other reasons, SunPath's contracts with the marketing companies include a provision stating that these marketing companies are independent contractors, and they do business in their own names. As such, Plaintiff's claim in paragraph 30 of her Complaint that the calling party confirmed they were "calling from [SunPath]" is simply not true. Again, SunPath does not conduct any telemarketing, and its independent, third-party sellers conduct their sales and marketing efforts independently and in their own name.

10. Again, the marketing companies are not exclusively selling policies administered by SunPath, and are also simultaneously selling policies administered by SunPath's competitors.

11. From being in this industry, I know that, generally, these marketing companies have a customer relationship management program ("CRM") by which their representatives can

input a potential customer's vehicle's make and model, mileage, etc. and view on their computer screens a variety of policies available based on that data, which policies are administered by any given number of third-party administrators that those marketers are authorized to sell. The representatives independently select what policy to promote and sell.

12. SunPath has no role or involvement in the marketing companies' representatives' selection of what to sell. SunPath has no oversight or control over what the telemarketing representatives say on any given call (except, of course, that, if they do choose to market a SunPath-administered product, they agree contractually to accurately represent any SunPath product that they do choose to market and sell). SunPath has no role in the day-to-day operations of any of these companies. The marketing operations of these companies, including how they obtain leads and what scripts they use, are created and maintained entirely by the marketing companies. Apart from a broad-form compliance-with-laws clause in SunPath's agreements with the marketers, SunPath has no insight into or control over how the marketers conduct their operations.

13. In short, any allegation by Plaintiff that a telemarketing call associated with a SunPath product was made "on behalf of" SunPath is erroneous because SunPath does not confer that authority on telemarketing companies; does not control (or have the right to control) those companies' telemarketing practices, in large part because, at the time telemarketing calls are initiated to potential customers, the representatives have not yet accessed the available policies which are usually obtained through conversations during which the consumers provide the vehicles' make, model, and mileage and other factors in the sales and marketing processes, such as the consumer's interests and budget. In other words, the calls are not initiated on any particular third party administrator's behalf.

14. Additionally, SunPath does not confer the authority to draft or in any way materially alter the extended vehicle warranty plans it administers to any telemarketing companies that SunPath permits to market or sell its products. These independent marketing companies may only input a customer's identifying information and pricing details into the form agreements.

15. Moreover, these marketing companies independently decide at what price to mark up the policies they are selling. They are ultimately compensated by the difference between the wholesale prices of the policies and whatever they charge the customers, which, again, is at their discretion and of course subject to competitive market constraints.

16. For the avoidance of doubt, at no time does SunPath provide compensation to the telemarketing companies or their representatives.

17. I also note that SunPath has not ratified the conduct of any party that allegedly made any call to Plaintiff in violation of the TCPA or any other law or regulation "on behalf of" SunPath, as no requisite principal-agent exists between SunPath and any calling party, such that SunPath has no authority to ratify such conduct. Nor has SunPath ever directed or authorized any company permitted to market or sell policies it administers to violate the TCPA or any other relevant state statute. Again, SunPath directly made no marketing calls to Plaintiff, and still, to this day, has no knowledge that any of its independent, third-party marketers did, such that it is aware of no conduct that it could even ratify.

18. SunPath is a third party administrator of extended service contracts for automobiles. It is engaged primarily in the business of handling claims by policy holders and customer service for such policy holders.

19. SunPath does not, nor has it ever, made illegal robocalls, or authorized any other parties to make illegal robocalls.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4 day of June, 2021.

_____
ANDREW GARCIA