# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**BRACH EICHLER LLC**
Bob Kasolas, Esq.
Mark E. Critchley, Esq.
101 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-5700
*Attorneys for Defendant SunPath Ltd.*

| | |
|---|---|
| **LORI HAGUE,** individually and on behalf of all others similarly situated,<br><br>    **Plaintiff,**<br><br>v.<br><br>**SUNPATH LTD.,**<br><br>    **Defendant** | CIVIL ACTION # 3:21-cv-08053<br><br>ELECTRONICALLY FILED<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT .......................................................................................2

     A.    Plaintiff Fails to Establish a *Prima Facie* Showing of Personal
           Jurisdiction. ...........................................................................2

     B.    Plaintiff's Ratification Theory of Vicarious Liability Lacks
           Factual and Legal Support.....................................................7

     C.    Plaintiff Does Not Rebut that She Failed to State a Claim Under
           Rule 12(b)(6). ......................................................................13

     D.    Jurisdictional Discovery Is Not Warranted. ........................14

III.  CONCLUSION...................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Abramson v. Caribbean Cruise Line, Inc.*, Civ. No. 2:14-cv-00435,
2014 U.S. Dist. LEXIS 88336 (W.D. Pa. June 23, 2014)................................. 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 14

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ................................................. 8

*Born v. Celtic Marketing LLC*, 2020, No. 8:19-cv-01950-JLS-ADS,
U.S. Dist. LEXIS 89220 (C.D. Cal. May 20, 2020) ......................................... 5, 15

*Campbell v. Fast Retailing USA, Inc.*, CIVIL ACTION No. 14-6752,
2015 U.S. Dist. LEXIS 170986 (E.D. Pa. Dec. 22, 2015)................................. 3

*Cardenas v. Spinnaker Resorts, Inc.*, Civil Action No.: 16-2466 (JLL) (JAD),
2016 U.S. Dist. LEXIS 102407 (D.N.J. Aug. 3, 2016) .................................... 12

*Cardenas v. Spinnaker Resorts, Inc.*, Civil Action No.: 16-2466 (JLL),
2017 U.S. Dist, LEXIS 122315 (D.N.J. Aug. 3, 2017) .................................... 12

*Colón v. Dávila*, 2009, CIVIL NO.: 06-2060 (GAG/MEL),
U.S. Dist. LEXIS 150105 (D.P.R. Apr. 17, 2009)........................................... 6

*Covington v. International Ass'n of Approved Basketball Officials*,
710 F.3d 114 (3d Cir. 2013)............................................................................ 14

*Cox v. Ametek*, Case No.: 3:17-cv-01211-GPC-AGS,
2017 U.S. Dist. LEXIS 176305 (S.D. Cal. Oct. 24, 2017) .............................. 6

*Cunningham v. Assured Auto Group*, CIVIL ACTION NO. 4:20-CV-141,
2021 U.S. Dist. LEXIS 56888 (E.D. Tex. Mar. 2, 2021) ................................. 5

*Donegal Mutual Insurance Co. v. Grossman*,
195 F. Supp. 2d 657 (M.D. Pa. 2001)............................................................. 7

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
141 S. Ct. 1017 (2021) .................................................................................... 12

*In re Monitronics International, Inc., Telephone Consumer Protection Act Litigation*, MDL NO. 1:13-MD-2493, 2019 U.S. Dist. LEXIS 226867 (N.D. W. Va. Apr. 3, 2019) ............................................................ 10, 11

*Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. 2019) ...................... 12

*LDM Sys., Inc. v. Russo*, No. Civ. A. 97-3111,
1997 U.S. Dist. LEXIS 10359 (E.D. Pa. July 15, 1997) .................................. 3

*McCallum v. Commissioner of the N.J. Department of Corrections*,
419 F. App'x 301 (3d Cir. 2011) ...................................................................... 6

*Moore v. Charter Communications, Inc.*, No. 20-cv-00980,
2020 U.S. Dist. LEXIS 199694 (N.D. Ill. Oct. 27, 2020) ............................... 11-12

*Naiman v. TranzVia LLC*, Case No. 17-cv-4813-PJH,
2017 U.S. Dist. LEXIS 199131 (N.D. Cal. Dec. 4, 2017) ............................... 8

*Northeast Revenue, Services, LLC v. Maps Indeed, Inc.*, Civil Action No.
3:14-cv-00852, 2015 U.S. Dist. LEXIS 56943 (M.D. Pa. Apr. 30, 2015) ....... 3

*Patterson v. FBI*, 893 F.2d 595 (3d Cir. 1990) .................................................. 3

*Perrong v. Reweb Real Estate LLC*, CIVIL ACTION NO. 19-4228,
2020 U.S. Dist. LEXIS 152271 (E.D. Pa. Aug. 21, 2020) ............................... 14

*Romero v. Securus Technologies, Inc.*, 216 F. Supp. 3d 1078 (S.D. Cal. 2016).........6

*Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308 (D. Mass. 2020) ..... 7

*Shanahan v. National Auto Protection Corp.*, Case No. 1:19-cv-03788,
2020 U.S. Dist. LEXIS 101031 (N.D. Ill. June 9, 2020) ................................. 6

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
735 F.2d 61 (3d Cir. 1984)................................................................................ 3

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) .................. 14

*Vysedskiy v. OnShift, Inc.*, C.A. No. 16-12161-MLW,
2017 U.S. Dist. LEXIS 161616 (D. Mass. Sep. 29, 2017) ............................... 9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)................. 9-10

## **Regulatory Proceedings**

*In re Dish Network*, *LLC*, 28 F.C.C. Rcd. 6574 (2013)................................... 7-8

## **Other Authorities**

Restatement (Third) Of Agency (2006).......................................................... 8, 10

## I.    INTRODUCTION

While Plaintiff tries to distract from the fatal flaws in her claims with an unfounded theory of ratification, she simply cannot hide that there is no factual support for her claims against SunPath, and thus no viable way to meet her burden of establishing this Court's jurisdiction over SunPath here.  SunPath provided sworn declaration testimony in support of its Rule 12(b)(2) challenge showing that it does not make *any* marketing calls, certainly did not make any calls to Plaintiff, and did not direct any third-party to make calls to Plaintiff.  In response, Plaintiff submitted no competent evidence to rebut the sworn testimony of SunPath's President, she merely parrots the single unclear hearsay statement of a single unidentified individual on one call that was already contained in her Complaint. This is insufficient to subject SunPath to this Court's jurisdiction.  Were it otherwise, Amazon, the IRS, and the other household name-companies referred to in the common scourge of illegal robocalls will have to defend TCPA cases all over the country just because their name was parroted in the scam attempt.  Surely the Constitution's Due Process limits on personal jurisdiction are not so flimsy.

Presumably aware that her lack of any competent, admissible evidence dooms her jurisdictional claims, Plaintiff resorts to an unsound theory that SunPath ratified the conduct of the unnamed party purportedly responsible for the calls at issue.  But this theory fails, because Plaintiff submits no evidence—nor can she—

1

that SunPath had knowledge of any unlawful acts done by some unnamed party that allegedly uttered SunPath's name on one call.  No one knows who called Plaintiff, but we know that absolutely no commercial relationship between Plaintiff and anyone else (SunPath included) came of it, so it is logically and legally impossible to posit that SunPath *ratified* conduct of a third-party caller of which it is wholly ignorant and led to no benefit whatsoever.

While Plaintiff's inability to meet her burden to establish personal jurisdiction over SunPath is fatal to this case, Plaintiff also fails to rebut SunPath's arguments relating to her failure to state a claim pursuant to Rule 12(b)(6).  The Complaint fails to *plausibly* state any claim for relief against SunPath, and should be dismissed in its entirety.  Accordingly, this Court should grant SunPath's Motion, dismissing Plaintiff's Complaint in its entirety, and decline Plaintiff's request to force SunPath to undertake burdensome discovery in a foreign forum based on her claims that fall well short of the Supreme Court's *Iqbal* standard.

## II.   ARGUMENT

### A.   Plaintiff Fails to Establish a *Prima Facie* Showing of Personal Jurisdiction.

Plaintiff fails to carry her burden to make a *prima facie* showing of personal jurisdiction; she was required to produce evidence to rebut the evidence SunPath provided in support of its Motion to Dismiss, and simply has not done so. *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting *Time Share*

*Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)) (ruling that when defendant challenges jurisdiction, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other *competent* evidence . . . not mere allegations." (emphasis added)).[1]

Plaintiff's declaration testimony merely parrots the insufficient hearsay allegations in her Complaint—her declaration adds nothing to revive her vague, conclusory allegations.  The entirety of Plaintiff's "evidence" that SunPath was in any way associated with any telephone call she received is a representation made by an unnamed individual on a single call, *after* Plaintiff was transferred from the original call, that led her to conclude that the unnamed individual was, in her mind, "from" SunPath.  *Compare* Hague Decl. ¶ 4, ECF No. 16-1, *with* Compl. ¶ 30 ("*After* being transferred to a live representative [on a single call], Plaintiff asked the individual what company she was speaking with.  The individual confirmed they were calling from the Defendant." (emphasis added)).  By Plaintiff's own

---

[1]    *See also Campbell v. Fast Retailing USA, Inc.*, CIVIL ACTION No. 14-6752, 2015 U.S. Dist. LEXIS 170986, at *18-19 (E.D. Pa. Dec. 22, 2015) ("Courts have held that a plaintiff cannot satisfy this burden [to produce competent evidence in response to a 12(b)(2) motion] by relying on inadmissible hearsay." (citation omitted)); *Northeast Revenue, Servs., LLC v. Maps Indeed, Inc.*, Civil Action No. 3:14-cv-00852, 2015 U.S. Dist. LEXIS 56943, at *7 (M.D. Pa. Apr. 30, 2015) (citing *LDM Sys., Inc. v. Russo*, No. Civ. A. 97-3111, 1997 U.S. Dist. LEXIS 10359, at *1 (E.D. Pa. July 15, 1997)) ("Competent evidence includes affidavits that are based on the affiant's personal knowledge or some other admissible ground.").

testimony, the calls that form the basis of her claims all came from different telephone numbers, and while she claims she received eight unlawful calls, seven of these made no mention of any association with SunPath.  Hague Decl. ¶¶ 3, 5.

Because Plaintiff has not, and indeed cannot, provide evidence to support her conclusory allegations regarding personal jurisdiction in the face of the sworn testimony SunPath provided to rebut the threadbare allegations in her Complaint, she touts a series of unsupported conclusions in an attempt to resuscitate her lifeless claims of jurisdiction.  Indeed, she spins a fanciful web of conclusory allegations regarding what she imagines SunPath's business practices to be, but none of her conclusions are based in reality, and are certainly not supported by any of the required competent, admissible evidence.[2]

In her next reference to irrelevant, inadmissible "evidence," Plaintiff cites examples of claims against SunPath in which its President, Mr. Garcia, like here, submitted testimony supporting that SunPath plays no role in the marketing operation of any party authorized to sell its products.  *See* Opp. at 4-5.  But none of

---

[2]   *See, e.g.,* Opp. at 4, ECF No. 16 ("Thus, Defendant engages an army of telemarketers, with zero monitoring, to do its marketing for it.  When those telemarketers consistently break the law, Defendant just as consistently buries its head in the sand and claims that it . . . had no knowledge of its telemarketers' actions.").  Contrast this baseless conclusory allegation with sworn testimony provided by SunPath's President, which clearly shows that Plaintiff's version of events does not mesh with how SunPath actually operates.  *See* Garcia Decl. ¶¶ 7-18, ECF No. 13-2 (affirming that SunPath does not make marketing calls to consumers, and does not have any role in the marketing operations of any independent third-party that sells its products on a non-exclusive basis).

these cases are in any way related to Plaintiff's allegations in this matter, none of the matters cited resulted in any finding of liability against SunPath, and Mr. Garcia's testimony has not been refuted.[3]  Plaintiff also cites generally to lawsuits filed against SunPath, along with references to Better Business Bureau ("BBB") complaints found on the internet, in an ill-founded attempt to somehow show that SunPath may have ratified wrongful conduct it had no knowledge of.  *See* Opp. at 4-5 (citing complaints in unrelated lawsuits); *id.* at 10 n.12, 14 (citing to BBB complaints).

Not only are allegations contained in other plaintiffs' complaints not evidence,[4] these complaints in *unrelated matters* are inadmissible hearsay that

---

[3]     Indeed, it is unclear how Mr. Garcia explaining in other matters how SunPath's business operates affects Plaintiff's lack of evidence to the contrary in this case.  Plaintiff neglects to mention that in some of the cases she cites, jurisdiction is not even at issue, *see*, *e.g.*, Complaint, *Landy v. SunPath, LTD.*, 1:19-cv-12562-IT (D. Mass. Dec. 20, 2019), ECF No. 16-8, and completely leaves out other matters in which courts dismissed claims against SunPath when Mr. Garcia likewise provided declaration testimony.  *See*, *e.g.*, *Cunningham v. Assured Auto Grp.*, CIVIL ACTION NO. 4:20-CV-141, 2021 U.S. Dist. LEXIS 56888, at *16-17 (E.D. Tex. Mar. 2, 2021) (ruling in part based on Mr. Garcia's declaration that personal jurisdiction did not exist over SunPath in TCPA case); *Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220, at *14 (C.D. Cal. May 20, 2020) (granting SunPath's motion to dismiss for lack of personal jurisdiction and denying plaintiff's request for jurisdictional discovery).  Simply put, personal jurisdiction analysis is dependent on the plaintiff's ability to provide factual support for her claims, and she has not done so here, especially considering Mr. Garcia's declaration testimony.

[4]     *See McCallum v. Comm'r of the N.J. Dep't of Corr.*, 419 F. App'x 301, 304 n.5 (3d Cir. 2011) ("Allegations in a complaint are not evidence." (quoting *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 810 (7th Cir. 2003))); *Colón v.*

certainly cannot be relied on as evidence that SunPath was somehow aware of calls *to Plaintiff*. Regrettably, Rule 11 has produced precious little restraint against the lure of the TCPA's punitive statutory damages;[5] that SunPath has been targeted by other plaintiffs in other nuisance actions does not entitle Plaintiff to cure the deficiencies in her pleading and proof by crowd-sourcing other defective pleadings. Plaintiff cannot cure the deficiencies in her Complaint with other defective, misplaced allegations. Constitutional Due Process doesn't depend on one's popularity or random comments found on the internet; Plaintiff's burden requires her to submit competent, admissible evidence, which she clearly has not done here. If anything, the fact that Plaintiff has found these other cases but has

---

*Dávila*, CIVIL NO.: 06-2060 (GAG/MEL), 2009 U.S. Dist. LEXIS 150105, at *8-9 (D.P.R. Apr. 17, 2009) (citing Fed. R. Evid. 201) (ruling that documents that may contain hearsay testimony are not the type of indisputable facts of which courts may take judicial notice); *see also Cox v. Ametek, Inc.*, Case No. 3:17-cv-01211-GPC-AGS, 2017 U.S. Dist. LEXIS 176305, at *11 (S.D. Cal. Oct. 24, 2017) ("While matters of public record are proper subjects of judicial notice, a court may take notice only of the existence and authenticity of an item, not the truth of its contents." (quoting *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1084 n.1 (S.D. Cal. 2016))). Likewise, irrelevant and unverified hearsay statements of BBB complaints are likewise not evidence Plaintiff may rely on. *See Shanahan v. Nat'l Auto Prot. Corp.*, Case No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031, at *17 (N.D. Ill. June 9, 2020) (rejecting BBB complaints as evidence of ratification).

[5]     *See, e.g.,* Brief for Amicus Curiae Chamber of Commerce of the United States of America in Support of Respondents at 12-18, *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020) (No. 19-631) (explaining how meritless litigation under the TCPA, exacerbated by the impossibility of perfect adherence for technical reasons, and the myriad and ever-shifting legal standards proliferating amongst the federal courts, still plagues federal courts and the companies forced to defend them).

not pointed to a *single case* where a court found SunPath vicariously liable for others' calls makes it *all the less* plausible that, after those proceedings, Plaintiff's *assumptions*—which is all they are—are accurate.

### B. Plaintiff's Ratification Theory of Vicarious Liability Lacks Factual and Legal Support.

Ultimately, Plaintiff concedes that SunPath did not make any of the calls at issue, and rests her arguments regarding personal jurisdiction entirely on an untenable theory of ratification based on the alleged conduct of unnamed alleged agents. *See*, *e.g.*, Opp. at 8 (raising the question of "*what* Defendant was aware of, and *when* did Defendant become aware of it?"). This argument fails as a matter of law because it is undisputed that SunPath had no knowledge of this alleged caller's conduct to ratify, and no purported benefit to accept. A purported principal must have knowledge of illegal conduct in order to ratify that conduct. *See Donegal Mut. Ins. Co. v. Grossman*, 195 F. Supp. 2d 657, 668 (M.D. Pa. 2001) ("[A]bsent knowledge on the part of the principal regarding nature and effect of agent's act, principal could not ratify agent's action through silence." (citation omitted)).[6]

---

[6]      *See also Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 325 (D. Mass. 2020) (citing *In re Dish Network*, *LLC*, 28 F.C.C. Rcd. 6574, 6587 n.104 (2013)) ("A seller may be liable for unauthorized conduct of a telemarketer *if the seller is aware of the unauthorized conduct of the telemarketer* and fails to terminate its services." (emphasis added)); *Naiman v. TranzVia LLC*, Case No. 17-cv-4813-PJH, 2017 U.S. Dist. LEXIS 199131, at *37 (N.D. Cal. Dec. 4, 2017) (citing *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)) ("If an agency relationship was not established prior to the unauthorized tort, the continued

Plaintiff pleads no such knowledge here, as there is no allegation as to any communications with SunPath—only a second-hand recounting of Plaintiff's characterization of a statement by a third-party caller. Hague Decl. ¶ 4. As stated above, allegations in BBB complaints and unrelated lawsuits are not evidence of wrongdoing in general—much less proof that SunPath had actual knowledge that some unnamed telemarketer allegedly made an unlawful call to Plaintiff's cell phone—the specific knowledge Plaintiff would need to allege to make out a plausible ratification theory here, which she of course cannot and has not done.

Plaintiff also cites a long list of TCPA cases in which defendants have been subjected to a forum's jurisdiction by making calls to telephone numbers in the relevant forum. Opp. at 6-8. However, these cases are immediately distinguishable from this case, because as Plaintiff admits, *SunPath did not make any of the alleged calls*. *See*, *e.g.*, Opp. at 10 (alleging SunPath's "affiliates" are responsible for "breaking the laws regarding the use of spam calling"). The only remaining inquiry, as Plaintiff states, is the "question[] of *what* Defendant was aware of, and *when* did Defendant become aware of it." Opp. at 8. SunPath has already provided answers to those questions: SunPath did not make the calls in question, and had no awareness of any calls to Plaintiff prior to the filing of this

funding of the other entity is not considered ratification."); Restatement (Third) Of Agency § 4.06 (2006) ("A [party] is not bound by a ratification made without knowledge of material facts involved in the original act when the [party] was unaware of such lack of knowledge.").

lawsuit. Garcia Decl. ¶ 17. The only "benefit," such as it is, that SunPath has ever received from this Plaintiff is being sued by her in an out-of-state forum.

Nor would SunPath have any reason to be aware of any of the alleged conduct, as Plaintiff cannot point to any competent of evidence of prior unlawful conduct of this unknown caller, and because companies permitted to make marketing calls to sell products administered by SunPath do so on a non-exclusive basis—they are not agents or "affiliates" of SunPath. Garcia Decl. ¶¶ 8-18. These independent companies simultaneously market the products of SunPath's competitors, and decide what products are marketed or sold on a per-call basis. *Id.* By Plaintiff's absurd logic, if this Court can subject SunPath to jurisdiction here via unknown actions of an independent, non-exclusive seller, Coca-Cola can be subjected to jurisdiction nationwide through the actions of any supermarket in the country that sells its products alongside Pepsi's.

This Court should decline to entertain Plaintiff's misplaced ratification argument, because a purported principal simply cannot ratify conduct it is not aware of. *See Vysedskiy v. OnShift, Inc.*, C.A. No. 16-12161-MLW, 2017 U.S. Dist. LEXIS 161616, at *13 (D. Mass. Sep. 29, 2017) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (holding no jurisdiction existed when a non-agent "made the decisions to call recipients such as plaintiff" because "[t]he mere unilateral activity of those who claim some relationship with a

nonresident defendant cannot satisfy the requirement of contact with the forum State.")).

Furthermore, there is no ratification because there is no benefit to ratify. Plaintiff did not purchase any products from the alleged callers. *See* Restatement (Third) of Agency § 4.01 cmt. d (A principal ratifies the action of an agent if it "knowing[ly] accept[s] . . . the benefits of the transaction."). SunPath has never received a single penny from Plaintiff or any third-party who dealt with her. Again, their introduction was *this lawsuit*. Ratification cannot occur without a benefit retained by the putative principal, and here there was no benefit *at all*. Plaintiff could not establish ratification *anywhere* in the country.

Plaintiff also misinterprets the authority she relies on for her unfounded agency allegations. Plaintiff relies heavily on *In re Monitronics International*, *Inc.*, MDL NO. 1:13-MD-2493, 2019 U.S. Dist. LEXIS 226867 (N.D.W. Va. Apr. 3, 2019), to support her claim that a purported principal can be liable for the illegal marketing of its affiliates. *See* Opp. at 11. But *Monitronics* is inapposite because of the differences in the purported principal-agent relationship. In that case, the defendant was intricately involved in the alleged illegal telemarketing practices.[7]

---

[7]     *Monitronics*, 2019 U.S. Dist. LEXIS 226867, at *26-27 ("Monitronics provided dealers with sales training and encouraged dealers to use automated dialers, informing them that a predictive dialer was 'preferred.' Monitronics repeatedly provided agents with 'approved' telemarketing scripts that authorized — and even encouraged — the agents to use Monitronics' name during

And unlike here, where Plaintiff relies on the unverified hearsay of unrelated complaints and BBB comments, *Monitronics* had verification that its affiliate marketers were actually violating the TCPA and failed to take steps to rein in the conduct. *Id.* at *27.

Here, in contrast, SunPath has shown that it does not direct or control the marketing operations of any entity authorized to sell products it administers and had no knowledge of any alleged unlawful conduct.  Garcia Decl. ¶¶ 8-18.  And any company selling these products does so on a non-exclusive basis—the independent marketers decide on a per-call basis what product to offer, such that SunPath's competitors' products could be sold on any given call rather than SunPath's.  *Id.* ¶ 11.  Additionally, the Northern District of Illinois distinguished *Monitronics* and dismissed a TCPA plaintiff's claims for lack of jurisdiction because, like here, there were no allegations that the defendant had knowledge of the alleged unlawful calls or encouraged unlawful practices of any purported agent. *See Moore v. Charter Commc'ns., Inc.*, No. 20-cv-00980, 2020 U.S. Dist. LEXIS 199694, at *12 (N.D. Ill. Oct. 27, 2020) (distinguishing *Monitronics* and *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 660-61 (4th Cir. 2019)).[8]  This Court should

telemarketing calls. Monitronics also had relationships with lead generators in order to provide leads to dealers.").

[8]      Plaintiff's reliance on *Cardenas v. Spinnaker Resorts, Inc.*, Civil Action No.: 16-2466 (JLL) (JAD), 2016 U.S. Dist. LEXIS 102407 (D.N.J. Aug. 3, 2016) is

similarly dismiss Plaintiff's claims against SunPath based on unadorned assumptions rather than competent, admissible evidence.

Plaintiff also cites *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), but misunderstands the ruling of this case. As Plaintiff cites, a defendant "'must reasonably anticipate being haled into [that State's] court[s]' to defend actions 'based on products causing injury there.'" Opp. at 12 (citing *Ford*, 141 S. Ct. at 1027). In *Ford*, the Court found jurisdiction applied based on an injury caused by *the products* Ford itself had marketed. *Ford*, 141 S. Ct. at 1022. SunPath is an administrator of vehicle service contracts. Plaintiff has never purchased a SunPath product. SunPath does not have any role in the marketing of its products. Unlike *Ford*, this case has nothing to do with any injury caused *by SunPath's product*; it is based on the alleged calls of some unnamed independent company that is not an agent of SunPath and whose alleged conduct SunPath had no knowledge of to ratify. *Ford* is inapposite.

---

similarly misplaced. First, this case disproves Plaintiff's argument regarding jurisdiction because, unlike in *Cardenas*, Plaintiff has not set forth "competent evidence" for her claims. *Compare Cardenas*, 2016 U.S. Dist. LEXIS 102407, at *2-3 (the plaintiff specifically listed 70 separate calls made on behalf of defendant) *with* Hague Decl. ¶ 4 (alleging a single unspecific mention of SunPath after being transferred on a single call). *Cardenas* was also subsequently dismissed for lack of personal jurisdiction after allowing jurisdictional discovery on more substantiated initial allegations than Plaintiff's here. *Cardenas v. Spinnaker Resorts, Inc.*, Civil Action No. 16-2466 (JLL), 2017 U.S. Dist. LEXIS 122315, at *13-17 (D.N.J. Aug. 3, 2017) (dismissing TCPA claims for lack of jurisdiction, in part because no principal-agent relationship existed between defendant and calling party).

Like in her Complaint, Plaintiff's Opposition relies only on a series of conclusory statements unsupported by any admissible facts or competent evidence.[9]  Plaintiff had the burden of producing competent evidence to rebut the sworn testimony SunPath provided in support of its Motion to Dismiss for lack of personal jurisdiction, and she has not done so.  The case should be dismissed.

### C.    Plaintiff Does Not Rebut that She Failed to State a Claim Under Rule 12(b)(6).

Even setting aside Plaintiff's declaration evidence and misplaced arguments relating to personal jurisdiction, Plaintiff's Opposition does not even attempt to refute SunPath's arguments pursuant to Rule 12(b)(6) that Plaintiff's Complaint fails to state a claim.[10]  She makes no effort to allege that SunPath is directly liable for any of her claims, and instead relies entirely on her misplaced ratification theory of vicarious liability based on irrelevant and inadmissible hearsay.

But as discussed above, and in SunPath's initial Motion, Plaintiff's sole second-hand description of an unnamed individual disclosing an unspecified

---

[9]    For example, in her Opposition, Plaintiff alleges "when Defendant called the Plaintiff's 732 phone number at least 8 separate times, they were aware they were specifically targeting a person in New Jersey."  Opp. at 6.  Plaintiff cites no evidence in support of this allegation because none exists.  SunPath does not make calls or direct any other parties to make calls. *See* Garcia Decl. ¶¶ 7-18. And Plaintiff does not plausibly allege she received a single call from Defendant, even with the "support" of her declaration "evidence," nonetheless eight separate calls.

[10]    And as stated above, Plaintiff's declaration effectively adds nothing to the allegations in her Complaint.

relationship with SunPath, the sole "evidence" alleged in her Complaint, does not clear the bar of Rule 8's pleading standard. *See* Motion at 23-24 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting Rule 8's pleading standard)); *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 120 (3d Cir. 2013) (plaintiff must plausibly allege a theory of agency to support a finding of vicarious liability).

### D. Jurisdictional Discovery Is Not Warranted.

Whether to grant jurisdictional discovery rests within the discretion of the Court. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003). This Court should deny Plaintiff's request to conduct this costly fishing expedition based on her less-than-threadbare allegations. *See Iqbal*, 556 U.S. at 678-79 ("[Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Plaintiff's conclusion that an individual was in some way associated with SunPath based on a hearsay statement of this mysterious purported agent that took place during a single call, Compl. ¶ 30; Hague Decl. ¶ 4, does not state a plausible claim against SunPath. Jurisdictional discovery is not warranted by these entirely unsupported claims. *See, e.g.*, *Perrong v. Reweb Real Estate LLC*, CIVIL ACTION NO. 19-4228, 2020 U.S. Dist. LEXIS 152271, at *7-8 (E.D. Pa. Aug. 21, 2020) (granting TCPA defendant's motion to dismiss and

14

denying request for jurisdictional discovery in the absence of any factual support contained in plaintiff's affidavit testimony); *Abramson v. Caribbean Cruise Line, Inc.*, Civ. No. 2:14-cv-00435, 2014 U.S. Dist. LEXIS 88336, at *23 (W.D. Pa. June 23, 2014) (denying TCPA plaintiff's request for jurisdictional discovery as moot when he failed to state an actionable claim); *Born*, 2020 U.S. Dist. LEXIS 89220, at *13-14 ("Jurisdictional discovery need not be allowed if the request amounts merely to a 'fishing expedition,' or is 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'" (citations omitted)).  Plaintiff's request for jurisdictional discovery should be denied.

## III.   CONCLUSION

For the reasons set forth above, SunPath respectfully moves this Court to enter an Order dismissing Plaintiff Lori Hague's Complaint for lack of personal jurisdiction and for failure to state a claim for violations of the Telephone Consumer Protection Act, denying Plaintiff's request for jurisdictional discovery, and for such further relief as this Court may allow.

DATED: July 26, 2021                    **BRACH EICHLER LLC**

                                        *Attorneys for Defendant SunPath Ltd.*

                                        By:  */s/ Bob Kasolas*
                                             Bob Kasolas, Esq.
                                             Mark E. Critchley, Esq.

                                             and

                                             Joseph P. Bowser, *Admitted Pro Hac
                                             Vice*
                                             (VA State Bar/Federal Bar No. 88399)
                                             ROTH JACKSON GIBBONS CONDLIN, PLC
                                             1519 Summit Avenue, Suite 102
                                             Richmond, VA 23230
                                             T: 804-441-8701
                                             F: 804-441-8438
                                             jbowser@rothjackson.com

                                             and

                                             Gregory M. Caffas, *Admitted Pro Hac
                                             Vice*
                                             (VA State Bar/Federal Bar No. 92142)
                                             ROTH JACKSON GIBBONS CONDLIN, PLC
                                             8200 Greensboro Drive, Suite 820
                                             McLean, Virginia
                                             T: 703-485-3533
                                             F: 703-485-3525
                                             gcaffas@rothjackson.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 26, 2021 a true and correct copy of the foregoing document has been served via the Court's ECF system on:

Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Ashbury Park, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
Ari@marcuszelman.com

*/s/ Bob Kasolas*
Bob Kasolas, Esq.

17