<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LORI HAGUE**, *individually and on behalf of all others similarly situated*,<br><br>                  Plaintiff,<br><br>                  v.<br><br>**SUNPATH LTD.**,<br><br>                  Defendant. | Civil Action No. 21-8053 (ZNQ) (TJB)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Sunpath Ltd. ("Sunpath). ("Motion", ECF No. 13.) Sunpath filed a Memorandum in support of its Motion. ("Moving Br.", ECF No. 13-1.) Plaintiff Lori Hague ("Plaintiff") opposed the Motion. ("Opp.", ECF No. 16), and Sunpath replied ("Reply", ECF No. 18.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion to Dismiss.

**I.**     <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>[1]

      Sunpath "operates a service that offers consumers extended car warranties." (Compl. ¶ 18.) Plaintiff is a New Jersey resident who received unsolicited phone calls to her cellular telephone using an automated telephone dialing system ("ATDS") and prerecorded messages. (Compl. ¶ 1.)

---

[1] The Court assumes as true the facts alleged in the Complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

1

Plaintiff received "countless" calls that began some time before May of 2020 and continued through the time she filed the current Complaint. (*Id.* ¶¶ 23, 25, 27.) At one point, Plaintiff was transferred to a live representative and she asked the representative to identify the company calling. The representative confirmed that they were calling from Defendant. (*Id.* ¶ 30.)

On April 2, 2021, Plaintiff began this suit by filing a Complaint on behalf of herself and a proposed class that accuses Sunpath of violating her rights under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 by causing the unwanted calls. (*Id.* ¶ 1.) Specifically, she alleges the calls violated 47 U.S.C. § 227(b)(1)(A), which prohibits unauthorized calls to a cellular phone using an ATDS or artificial or pre-recorded voice. (*Id.* ¶ 31–33.) In response, Sunpath has filed the present Motion to Dismiss on two grounds: lack of personal jurisdiction under Rule 12(b)(2); and failure to state a claim under Rule 12(b)(6).

## II.    JURISDICTION

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on the Complaint's single federal claim for a TCPA violation.

## III.    LEGAL STANDARD

### A.    RULE 12(b)(2)

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *see* Fed. R. Civ. P. 4(e). Therefore, in resolving a motion to dismiss pursuant to 12(b)(2) for lack of personal jurisdiction, a court's analysis is twofold: "[t]he court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction; if so, the court must then satisfy itself that the exercise of jurisdiction comports with due process." *Display Works*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *IMO Indus., Inc. v.*

*Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998) ). "Since New Jersey's long-arm statute allows 'the exercise of personal jurisdiction to the fullest limits of due process; [the Court must] 'look to federal law for the interpretation of the limits on *in personam* jurisdiction.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (quoting *IMO Indus., Inc.*, 155 F.3d at 259).

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). In *International Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945), the Supreme Court held that a state may authorize its courts to exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* at 316 (citation omitted). "Following *International Shoe*, 'the relationship among the defendant, the forum, and the litigation . . . became the central concern of the inquiry into personal jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

### B.    RULE 12(b)(6)

When resolving a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV.    DISCUSSION

Sunpath's Motion seeks dismissal of the Complaint on the grounds of failure to state a claim and lack of personal jurisdiction.  With respect to the adequacy of Plaintiff's pleading, Sunpath argues the Complaint "makes no showing that any of the prerecorded messages she claims to have received made any reference to Sunpath, or what led her to believe Defendant was responsible for initiating any of the alleged calls (as opposed to, for example, a third party that also sells similar products to those administered by Sunpath, or an independent party merely authorized to sell Sunpath's and various other third parties' products)." (Moving Br. at 22) (citation omitted). According to Sunpath, "simply describing what type of product was purportedly offered during the alleged calls as Plaintiff does without any further support for why that led Plaintiff to conclude Defendant was the party responsible for initiating the call is exactly the type of conclusory allegation that requires dismissal."[2]  (*Id*. at 22 n.4.)

For reasons unknown, Plaintiff's opposition brief addresses Sunpath's argument regarding personal jurisdiction but does not respond to Sunpath's challenge to the adequacy of her pleading. (*See generally* Opp.)  Sunpath highlights this omission in its Reply.  (Reply at 13–14.)

---

[2] The Court interprets this to mean that Sunpath faults the Complaint for failing to tie more than a single call to the "countless" calls that it attributes to Sunpath.

4

Accordingly, the Court will GRANT as unopposed the portion of the Motion seeking dismissal under Rule 12(b)(6). *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis.) The Complaint will be dismissed WITHOUT PREJUDICE. Plaintiff will be given leave to amend her complaint within 30 days.[3] Insofar as it dismisses the Complaint on the foregoing basis, the Court does not reach Sunpath's argument with respect to personal jurisdiction.

## V.   CONCLUSION

For the reasons stated above, the Court will GRANT Sunpath's Motion to Dismiss. An appropriate Order will follow.


Date: **March 6, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Given the Complaint's allegation that Plaintiff continues to receive the telemarketing calls at issue, the Court infers that she will have an opportunity during the 30-day period to obtain further information regarding the telemarketing company or companies involved as well as the company that is offering the services being marketed.